UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*Petitioner*<br><br>*V.*<br><br>**MICHAEL S. PROCELL**<br>*Defendant* | **CRIMINAL DOCKET NO.: 13-31-JJB-RLB**<br>**JUDGE: JAMES JOSEPH BRADY**<br>**MAGISTRATE: RICHARD LEWIS BOURGEOIS, JR.** |

**REQUEST FOR DISCOVERY**

**NOW INTO COURT**, through undersigned counsel, comes the Defendant herein, **Michael S. Procell**, who files this Request for Discovery and who, pursuant to Fed. R. Crim. P. 12(d)(2), 16(a), and 26.2, 18 U.S.C. 3500, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963), and all other applicable rules and statutes, does hereby request discovery of the following materials:

1. **The Defendant's Statements**: Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to disclosure of **all** copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any Miranda warnings which may have been given to the defendant (See, *e.g.*, U.S. v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

2. **Arrest Reports, Notes and Dispatch Tapes**: The defendant also specifically requests

that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding defendant's arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963). *See also*, Loux v. U.S., F.2d 911 (9th Cir. 1968); U.S. v. Johnson, 525 F.2d 999 (2d Cir. 1975); U.S. v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); and, U.S. v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967). Defendant further shows arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim P. 26.2 and 12(I); Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

3. **Reports of Scientific Tests or Examinations**: Pursuant to Fed. R. Crim. P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is know, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial.

4. **The Defendant's Prior Record**: The defendant requests, under Fed. R. Crim. P. (16(a)(1)(B), that the government provide a copy of the defendant's prior criminal record, if any, as within possession, custody or control of the government.

5. ***Brady* Material**: The defendant requests all documents, statements, agents' reports, and

tangible evidence favorable to the defendant on the issue of guilty and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls with Brady's definition of evidence favorable to the accused. U.S. v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); U.S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

6. **Evidence Seized**: Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and is hereby requested.

7. **Request for Preservation of Evidence**: The defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

8. **Tangible Objects**: The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant.

9. **Information Regarding Informants and Cooperating Witnesses**: The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. Roviaro v. U.S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

10. **Evidence of Bias or Motive to Lie**: The defendant requests any evidence that any

prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); U.S. v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

**11. Impeachment Evidence**: The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See, Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963). See, U.S. v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. U.S., 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

**12. Evidence of Criminal Investigation of Any Government Witness**: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. U.S. v. Chitty, 760 F.2d 425 (2d Cir.) *cert. denied*, 474 U.S. 945 (1985).

**13. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**: The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. U.S. v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

**14. Names of Witnesses Favorable to the Defendant**: The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir.

1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980);

**15. Statements Relevant to the Defense**: The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. U.S. v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses.

**16. Jencks Act Material**: The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. 3500, and Fed R. Crim. P. 26.2. The defendant specifically request pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

**17. *Giglio* Information**: Pursuant to Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguable be used for the impeachment of any government witnesses.

**18. Government Examination of Law Enforcement Personnel Files**: The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under U.S. v. Henthorn, 931 F.2d 29 (9th Cir. 1991). See, *e.g.*, U.S. v. Jennings, 960 F.2d 1488,

1492 (9th Cir. 1992).

**19.** Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

**20.** Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about June 23, 2008, in the Middle District of Louisiana, Michael S. Procell, defendant herein, used a facility in interstate commerce, namely, a telephone, with intent to promote manage, establish, canyon, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, public bribery in violation of Title 14, Louisiana Revised Statutes, Section 118, and thereafter performed and attempted to perform an act to promote manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in that, on June 24, 2008, defendant Procell accepted $800 in cash from a local businessman," all as set forth in this matter's March 7, 2013, Bill of Information [Rec. Doc. 1, p. 1].

**21.** Please identify, state, list, and enumerate any and all payments made and/or other remuneration given to any person with respect to any/all investigation(s) of defendant Michael S. Procell or any other individual(s) charged in connection with the said investigation(s).

**WHEREFORE**, in consideration of the above and foregoing Request for Discovery, the Defendant herein, **Michael S. Procell**, now respectfully avers he is entitled to a broad, expansive interpretation of his aforesaid requests in order to achieve fundamental fairness, U.S. v. Griggs, 111 F.Supp.2d 551 (M.D.Pa. 2000), and Defendant would further show his invocation of Fed. R. Crim. P. 16 gives a mandate unto the government to permit full and complete inspection and copying of the items, records, documents, and things set forth, described, and/or otherwise

defined within the intendment of the Defendant's requests (See, *e.g.*, U.S. v. Jeffers, 570 F.3d 557, 572 (4th Cir. 2009), and authorities cited therein).

Respectfully Submitted,

**LAW OFFICE OF J. CHRISTOPHER ALEXANDER, SR., LLC**
Attorney and Counselor at Law

/S/ JOHN CHRISTOPHER ALEXANDER, SR., ESQ.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Co-Counsel for Defendant

*and*

**SPRING & SPRING, LLC**
Attorneys at Law

/S/ STANLEY STEPHEN SPRING, II, ESQ.
S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
Co-Counsel for Defendant

CERTIFICATE OF SERVICE ON NEXT PAGE.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Request for Discovery by the Defendant, Michael S. Procell, has been served upon the following counsel of record herein:

**Mary Patricia Jones, Esq.**
United States Attorney's Office
Middle District of Louisiana
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
225-389-0443 (telephone)
225-389-0561 (facsimile)
patricia.jones4@usdoj.gov

**I FURTHER CERTIFY** that the foregoing service was effected via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the 12th day of July, 2013, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

/S/ JOHN CHRISTOPHER ALEXANDER, SR., ESQ.
J. Christopher Alexander, Sr., Esq.