UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

**NOW INTO COURT** comes the United States of America, by J. Walter Green, Acting United States Attorney for the Middle District of Louisiana, through M. Patricia Jones, Assistant United States Attorney, who respectfully requests that the Court give the following pattern jury charges and the attached proposed special jury instructions: Pattern Jury Instructions (Criminal Cases), Fifth Circuit (2012), Instruction Nos. 1.01 (Preliminary Instructions), 1.02 (Note-Taking by Jurors - Alternative B), 1.03 (Introduction to Final Instructions), 1.04 (Duty to Follow Instructions), 1.05 (Presumption of Innocence, Burden of Proof, Reasonable Doubt), 1.06 (Evidence - Excluding What Is Not Evidence), 1.07 (Evidences - Inferences - Direct and Circumstantial - Alternative A), 1.08 (Credibility of Witnesses), 1.18 (On or About), 1.19 (Caution - Consider Only Crime Charged), 1.20 (Caution - Punishment), 1.24 (Duty to Deliberate), 1.37 ("Knowingly" - To Act), 1.39 (Interstate Commerce - Defined), 1.41 (Commerce - Defined), 1.42 (Cautionary Instruction During Trial - Transcript of Tape Recorded Conversation).

The United States further requests leave of Court to request such other and additional jury instructions as may become appropriate prior to and during the trial.

                                          UNITED STATES OF AMERICA, by

                                          J. WALTER GREEN
                                          ACTING UNITED STATES ATTORNEY

                                          s/ M. Patricia Jones
                                          M. Patricia Jones, LBN 18543
                                          Assistant United States Attorney
                                          777 Florida Street, Suite 208
                                          Baton Rouge, Louisiana 70801
                                          Telephone: (225) 389-0443
                                          Fax: (225) 389-0561
                                          E-mail: Patricia.Jones4@usdoj.gov

UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 1

INFERRING REQUIRED MENTAL STATE

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Authority:

Pattern Jury Instructions (Criminal Cases), Sixth Circuit (2009), Instruction No. 2.08.

United States v. Moye, 951 F.2d 59, 62-63 (5th Cir. 1992).

UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 2

<u>USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING</u>

18 U.S.C. § 1952

Title 18, United States Code, Section 1952, makes it a crime for anyone to use a facility in interstate commerce with intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of certain unlawful activities and thereafter perform or attempt to perform an act to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of such unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt.

*First:* the defendant used a facility in interstate or foreign commerce;

*Second:* the defendant acted with the specific intent to promote, manage, establish, or carry on unlawful activity; and

*Third:* the defendant committed or attempted to commit an act in furtherance of that intent subsequent to the use of the facility.

"Unlawful activity" includes the offense of public bribery under the laws of Louisiana as I will define it for you.

Use of a telephone constitutes use of a facility in interstate commerce.

Authority:

18 U.S.C. § 1952.

United States v. Nader, 542 F.3d 713, 722 (9th Cir. 2008) ("intrastate telephone calls made with intent to further unlawful activity can violate the Travel Act because the telephone is a facility in interstate commerce.").

United States v. Marek, 238 F.3d 310 (5th Cir. 2001) (en banc) (under murder-for-hire statute, intrastate wire of funds via Western Union constitutes use of a facility in interstate commerce).

UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 3

PUBLIC BRIBERY

La. R.S. 14:118

For you to find that the defendant committed public bribery in violation of Louisiana law, you must be convinced that the Government has proved each of the following beyond a reasonable doubt.

*First:* That the defendant was a public officer, public employee, or person in a position of public authority;

*Second:* That the defendant accepted or offered to accept, directly or indirectly, anything of apparent present or prospective value; and

*Third:* That the defendant acted with intent to influence his conduct in relation to his position, employment, or duty.

The terms "public officer," "public employee," and "person in a position of public authority" include any executive, ministerial, administrative, judicial, or legislative officer, employee or position of authority of the State of Louisiana or any parish, municipality, district, or other political subdivision or of any agency, board, commission, department or institution of the State or a parish, municipality, district or other political subdivision.

A public officer can be guilty of public bribery for accepting something of value as a campaign contribution, gift, loan, payment of a debt, or otherwise if the public official does so with the intent to be influenced in relation to his position, employment or duty.

The action that is induced by the bribe need not be corrupt or illegal. The offense is committed even where the bribe is given to a person in order to influence him to do no more than he was legally bound to do.

Although public bribery requires an intent to affect the public officer's official conduct, the bribery need not relate to a specific official act, but may relate to a general course of future conduct.

It is the acceptance of, or offer to accept, money or anything of value, directly or indirectly, that constitutes the crime. The object of the statute is to guard against the corruption of the mind of the officer by receiving a bribe. It is not necessary for the Government to prove that the public officer was actually corrupted or that the public officer actually took official action to benefit the payor.

Authority:

La. R.S. 14:118.

Reporter's Comment, La. R.S. 14:118 (1950).

State v. Bloomenstiel, 106 So.2d 288, 291 (La. 1958).

United States v. Dozier, 672 F.2d 531, 544 (5th Cir. 1982).

United States v. L'Hoste, 609 F.2d 796, 803-804 (5th Cir. 1980).

UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 4

## USE OF COOPERATING WITNESS

You have heard testimony regarding the use of a cooperating witness to investigate the defendant.

There is nothing improper or illegal with law enforcement using these techniques. Indeed, certain types of evidence would be extremely difficult to detect without the use of cooperating witnesses.

Whether or not you approve of the use of a cooperating witness to detect unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the defendant committed the offense charged in the indictment, the fact that the FBI made use of a cooperating witness is irrelevant to your determination.

Authority:

Jacobson v. United States, 503 U.S. 540, 548 (1992).

United States v. Mattoni, 698 F.2d 691, 693-694 (5th Cir. 1983).

United States v. Pool, 660 F.2d 547, 557-558 (5th Cir. Unit B 1981).

UNITED STATES' REQUESTED SPECIAL JURY INSTRUCTION NO. 5

## LIMITING INSTRUCTION

You have heard recordings containing statements made by a cooperating witness. The statements made by the witness have been admitted for the limited purposes of proving the context in which the defendant's recorded statements were made and proving the effect such statements may have had on the listening defendant. You are not to consider such statements as proof of the truth of the matters asserted.

Authority:

United States v. Burton, 937 F.2d 324 (7th Cir. 1991).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 20, 2013, a copy of the foregoing United States' Requested Jury Instructions was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to defense counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 20th day of August, 2013.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
ACTING UNITED STATES ATTORNEY

s/ M. Patricia Jones
M. Patricia Jones
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: Patricia.Jones4@usdoj.gov