## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
"DEFENDANT MICHAEL S. PROCELL COUNSEL'S
MOTION TO CORRECT SCRIVINER ERROR IN THE RECORD"**

**MAY IT PLEASE THE COURT:**

On August 23, 2013, defendant Michael S. Procell filed a motion to continue the scheduled trial date. Rec. Doc. No. 16. Attached to the motion as Exhibit A was a purported affidavit of forensic analyst James M. Atkinson. Rec. Doc. No. 16-1. The affidavit bore the electronic signature of Stanley Stephen Spring, II, defense counsel and notary public. Spring attested that Atkinson was duly identified and sworn in via telephone and that Atkinson's electronic signature was affixed to the affidavit "after a due and diligent reading of the whole."[1] Id.

On September 18, 2013, Atkinson appeared as a defense witness at an authentication hearing. See Transcript of Testimony of James M. Atkinson, September 18, 2013 (hereinafter "Tr."). On cross examination, Atkinson testified that he had executed an affidavit in connection with the defense motion to continue but that the above referenced affidavit was not the affidavit he had executed. Tr. at 42-43. Atkinson produced a different affidavit which he identified as the

---

[1] Spring's attestation indicates that the affidavit was executed while Atkinson was in Massachusetts and Spring was in Louisiana. Execution in such fashion is questionable at best. A Louisiana notary's authority to administer oaths extends to "any parish of the state," La. R.S. 35:2, not to Massachusetts. Additionally, an affidavit is not valid if the affiant does not personally appear before the notary. See Lambert v. Powell and White, 6 Orleans App. 195 (La. App. Orleans 1909) ("[T]he practice of having the affiant sign the affidavit outside of the presence of the notary . . . is a dangerous and intolerable one. It is too radical a departure from the formality of taking the oath as contemplated by the law.").

affidavit he had executed in connection with the motion to continue (hereinafter "the authentic affidavit"). Tr. at 42-45; United States Exhibit Hearing 6. He testified that he was sworn in by Spring over the phone, that he read the authentic affidavit to Spring over the phone, and that he signed it. Tr. at 45.

The differences between the authentic affidavit and the affidavit filed by defendant (hereinafter "the filed affidavit") are largely differences in format, including differences in wording of the initial paragraphs of the affidavit, the appearance clause, and the notary's attestation. The relevant content of the two affidavits is identical. The only substantive difference between the two affidavits is that the filed affidavit contains a recitation of Atkinson's place of residence and age of majority.

Several hours after conclusion of the authentication hearing, defense counsel filed a "Motion to Correct Scriviner [sic] Error in the Record" seeking to substitute the authentic affidavit for the filed affidavit. Rec. Doc. No. 26. In the motion, counsel assert that the authentic affidavit was executed in the manner Atkinson testified. Id. at ¶2. Counsel further assert that, with Spring's knowledge, the authentic affidavit was later modified by defense attorney J. Christopher Alexander, Sr., to comply with "local rules of Court and applicable rules of pleading." Id. at ¶3. In particular, counsel claim that it was necessary to change the spacing of the authentic affidavit, which was single-spaced.[2] Id. at ¶6. Counsel provide no explanation for changing the wording of the affidavit. According to defense counsel, due to a "communication's error," Atkinson was never made aware of the changes to the authentic affidavit. Id. at ¶¶ 4 & 5. In other words, the filed affidavit was never executed.

---

[2] Notably, the local rules of court do not require that attachments to pleadings be double-spaced.

The United States does not object to supplementing the record with the authentic affidavit.[3] However, the United States does object to substituting the authentic affidavit for the filed affidavit. Although the filed affidavit contains the same substance as the authentic affidavit, it is not authentic—it was never executed. The fact of its filing should be reflected in the record.

The United States therefore submits that the motion should be denied.

Respectfully submitted,

J. WALTER GREEN
ACTING UNITED STATES ATTORNEY

/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Reginald E. Jones, MSBN 102806
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: patricia.jones4@usdoj.gov

---

[3] While the United States does not object to supplementing the record, it is unclear why it is necessary at this point in the proceedings to supplement the record with the authentic affidavit. The Court has already granted the motion to which both affidavits relate. Additionally, the authentic affidavit has already been filed in evidence in connection with the authentication hearing.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2013, a copy of the foregoing United States' Memorandum in Opposition to "Defendant Michael S. Procell Counsel's Motion to Correct Scriviner Error in the Record" was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to defense counsel by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 4th day of October, 2013.

/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Assistant United States Attorney