# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

**UNITED STATES' MOTION AND INCORPORATED MEMORANDUM
FOR PRE-TRIAL RULING ON ADMISSIBILITY
OF PLEA AGREEMENT**

NOW INTO COURT, through the undersigned Assistant United States Attorneys, comes the United States of America which moves the Court as follows:

1.

On August 26, 2011, the defendant entered into a plea agreement with the United States, agreeing to plead guilty to a bill of information charging use of an interstate facility in aid of racketeering. See Attachment A (Plea Agreement). The agreement contains a written stipulation of facts agreed to by the defendant. See Attachment A at ¶ 10 (Plea Agreement). The agreement also provides that, if the defendant failed to plead guilty, any information provided by the defendant, including the written stipulation of facts contained in the plea agreement, could be used against him in any other prosecution. See id. at ¶ 6.

2.

As contemplated in the plea agreement, on March 7, 2013, the United States filed a bill of information charging defendant with use of an interstate facility in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3).

3.

On July 2, 2013, defendant appeared before The Honorable Richard L. Bourgeois for arraignment.  In violation of the plea agreement, defendant pleaded not guilty to the charge.

4.

Rule 410 of the Federal Rules of Evidence prohibits the admission of any statement made during plea discussions with the prosecutor if the discussions do not result in a guilty plea or if the resulting guilty plea is later withdrawn.  However, the law is clear that the protection afforded by Rule 410 is waivable.  United States v. Sylvester, 583 F.3d 285, 289 (5th Cir. 2009); see also United States v. Mezzanatto, 513 U.S. 196, 210 (1995); United States v. Davila, No. 94-50457, 1995 WL 313937 (5th Cir. May 2, 1995) (unpublished).[1]  It is only where there is "some affirmative indication" that the agreement was "the product of fraud or coercion" that the waiver will be considered unknowing or involuntary.  Mezzanatto, 513 U.S. at 210.

5.

In light of defendant's breach of the plea agreement and his waiver of the protections of Rule 410, the United States intends to introduce the plea agreement at trial.

6.

At an authentication hearing held on September 18, 2013, defense counsel expressed an objection to introduction of the plea agreement at trial.  The United States therefore requests a pretrial ruling on admissibility so that the parties can factor such a ruling into consideration when determining the appropriate course in this matter.

---

[1] Although unpublished, the decision constitutes precedent pursuant to Fifth Circuit Local Rule 47.5.3.

WHEREFORE, the United States respectfully requests that the Court permit the United States to introduce the plea agreement, including the factual stipulation agreed to by the defendant, during the prosecution's case-in-chief.

        UNITED STATES OF AMERICA, by

        J. WALTER GREEN
        ACTING UNITED STATES ATTORNEY

        /s/ M. Patricia Jones
        M. Patricia Jones, LBN 18543
        Reginald E. Jones, MSBN 102806
        Assistant United States Attorneys
        777 Florida Street, Suite 208
        Baton Rouge, Louisiana 70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0561
        E-mail: patricia.jones4@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | : CRIMINAL NO. 13-31-JJB-RLB |
| | : |
| MICHAEL S. PROCELL | : |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7, 2013, a copy of the foregoing United States' Motion and Incorporated Memorandum for Pre-Trial Hearing on Admissibility of Plea Agreement was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to defense counsel by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 7th day of October, 2013.

/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Assistant United States Attorney

4

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

## ORDER

In consideration of the foregoing United States' Motion for Pre-Trial Ruling on Admissibility of Plea Agreement,

IT IS HEREBY ORDERED that the United States may introduce at trial the plea agreement entered into by defendant.

DATED AND SO ORDERED this ___ day of _____, 2013, at Baton Rouge, Louisiana.

_____
HONORABLE JAMES J. BRADY
UNITED STATES DISTRICT JUDGE