# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| versus | : | CRIMINAL NO. 13-31-JJB-RLB |
| MICHAEL S. PROCELL | : | |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to a Bill of Information charging use of an interstate facility in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3).

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violation contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The United States Attorney agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial. Except as provided in Section 1B1.8(b) of the United States Sentencing Guidelines or as otherwise provided herein, the information provided by the defendant pursuant to this Plea Agreement will not be used against him in computing the applicable guidelines range.

6.

If the defendant breaches this Plea Agreement by failing to plead guilty to the Bill of Information, refusing to provide information or testimony, providing false or misleading information or testimony, or violating the terms of this Plea Agreement in any other manner, any information provided by the defendant, and any information derived therefrom, may be used against the defendant in this or any other prosecution without limitation. Such

2

information includes, but is not limited to, statements made by the defendant in debriefings and the factual basis contained in Paragraph 10 of this Plea Agreement. In addition, in the event of such a breach, the defendant may be prosecuted for any offense covered by this Plea Agreement. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

3

8.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of five years imprisonment, a $250,000 fine, or both. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, he may also receive a term of supervised release after imprisonment of not more than three years. The defendant further understands that supervised release is a period of supervision during which he must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment,

4

Case 3:13-cr-00031-JJB-RLB   Document 34-1   10/07/13   Page 4 of 9
ATTACHMENT A

and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of two years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

10.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> At all relevant times, defendant **MICHAEL S. PROCELL** was a permit specialist employed by the Louisiana Department of Transportation and Development (DOTD). As such, defendant **PROCELL** was a public employee of the State of Louisiana within the meaning of Louisiana's public bribery statute, La. R.S. 14:118.
>
> At all relevant times, RS was a local businessman who owned and operated restaurants in Baton Rouge, Louisiana, and was building a new restaurant on Plank Road in Baton Rouge. It was necessary for RS to obtain a driveway permit for the Plank Road restaurant from the DOTD.
>
> On or about June 19, 2008, defendant **PROCELL** met with RS and told RS that he (**PROCELL**) could have the driveway permit for the Plank Road restaurant issued by June 24, 2008. RS told defendant **PROCELL** that he would have an envelope for **PROCELL**. Defendant **PROCELL** thanked RS and said that RS would have a letter by June 24, 2008. RS told defendant **PROCELL** not to tell the contractor how much money RS was giving him because the contractor would get jealous and want money. Defendant **PROCELL** indicated that he understood.

5

On or about June 23, 2008, RS called defendant **PROCELL** to arrange a meeting to obtain the permit. RS told defendant **PROCELL** that he had something for **PROCELL** and that they would make each other happy. Defendant **PROCELL** responded that he intended to make RS happy.

On or about June 24, 2008, defendant **PROCELL** brought the DOTD driveway permit for the Plank Road restaurant to RS at one of RS's businesses within the Middle District of Louisiana. In exchange, RS handed defendant **PROCELL** an envelope containing $800 in cash. Defendant **PROCELL** put the envelope in his back pocket without opening it. RS told defendant **PROCELL** that he had given **PROCELL** $800 and asked if **PROCELL** was happy. Defendant **PROCELL** responded that he was happy. He also told RS that he would take care of obtaining a permit for a restaurant project on Airline Highway "real quick" for RS and would talk with the City about a permit RS needed for a restaurant on North Foster. Again, RS told defendant **PROCELL** not to tell the contractor that he had received money from RS because the contractor would get jealous and want money. Defendant **PROCELL** responded, "That's why I deal with you."

The defendant understands that the Court is not bound by this stipulation.

11.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

6

7

ATTACHMENT A

12.

The United States and defendant agree and stipulate that defendant has made full restitution to the Federal Bureau of Investigation. The defendant understands that the Court is not bound by this stipulation.

13.

The defendant understands that the United States may request that the defendant's guilty plea be entered in a closed proceeding. However, the defendant understands that the United States is not obligated as a condition of this plea agreement to request closure of the guilty plea proceeding. Such a request will be made only if, in the exclusive judgment of the United States, the interests of the United States and the interest of justice so require. The United States may move to unseal closed proceedings at any time.

14.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

15.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

16.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this 26th day of August, 2011, at Baton Rouge, Louisiana.

| | |
|---|---|
| | UNITED STATES OF AMERICA, by |
| MICHAEL S. PROCELL<br>DEFENDANT | DONALD J. CAZAYOUX, JR., LBN 20742<br>UNITED STATES ATTORNEY |
| ROBERT N. RAY, LBN<br>COUNSEL FOR DEFENDANT<br>619 Jefferson Highway<br>Baton Rouge, LA 70806<br>Telephone: (225)926-4130<br>Fax: (225)929-9817<br>Email: robray@ksbrlaw.com | M. PATRICIA JONES, LBN 18543<br>ASSISTANT U.S. ATTORNEY<br>777 Florida Street<br>Baton Rouge, LA 70801<br>Telephone: (225)389-0443<br>Fax: (225)389-0561<br>Email: patricia.jones4@usdoj.gov |