UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

**UNITED STATES' TRIAL BRIEF REGARDING
THE DEFENSE OF ENTRAPMENT**

**MAY IT PLEASE THE COURT:**

Defendant has requested that the Court instruct the jury regarding the defense of entrapment. The United States submits that defendant will not be able to establish a *prima facie* case of entrapment at trial and therefore will not be entitled to have the jury instructed as to the entrapment defense. The following is a discussion of the law of entrapment for the Court's consideration in ruling on defendant's request for an entrapment charge.

**Elements and Burden of Proof**

A defendant is entrapped and therefore not guilty if "the criminal intent was implanted in him by the government." United States v. Henry, 749 F.2d 203, 208 (5th Cir. 1984) (en banc). The rationale underlying the entrapment defense is that "Congress could not have intended criminal punishment for a defendant who has committed all the elements of a prescribed offense, but was induced to commit them by the Government." United States v. Russell, 411 U.S. 423, 435 (1973). The defense has two elements: "government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the criminal conduct." United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000).

Entrapment is an affirmative defense and need not be disproved by the prosecution as an element of the crime. United States v. Brace, 145 F.3d 247, 257 (5th Cir. 1998) (en banc). "[M]ere assertion" of the defense will not warrant an entrapment instruction. United States v. Barnett, 197 F.3d 138, 142 (5th Cir. 1999). Rather, a defendant who claims entrapment must demonstrate that "the government's conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it." United States v. Bradfield, 113 F.3d 515, 521 (5th Cir. 1997). Specifically, the defendant must make a *prima facie* showing of "(1) his lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or the facilities to commit the offense." United States v. Theagene, 565 F.3d 911, 918 (5th Cir. 2009).

To make a *prima facie* showing, the defendant must advance "substantial evidence," not just "a smattering or scintilla of evidence." United States v. Ogle, 328 F.3d 182, 187 (5th Cir. 2003). In the end, the evidence must be enough for a jury to find entrapment—that is, "evidence from which a reasonable jury *could* derive a reasonable doubt as to the origin of criminal intent." United States v. Nations, 764 F.2d 1073, 1080 (5th Cir. 1985).

If the defendant makes a *prima facie* showing of entrapment, the issue should be presented to the jury. The burden then shifts to the prosecution to disprove entrapment beyond a reasonable doubt. United States v. Thompson, 130 F.3d 676, 689 (5th Cir 1997). If the prosecution proves beyond a reasonable doubt either that defendant was predisposed to commit the offense or that there was no Government inducement, the jury must find that the defendant was not entrapped. Id.; Wise, 221 F.3d at 154.

2

Case 3:13-cr-00031-JJB-RLB   Document 36   10/07/13   Page 2 of 6

If the defendant fails to make a showing of either inducement or lack of predisposition, the issue should not be presented to the jury. See, e.g., United States v. Smith, 481 F.3d 259, 263 (5th Cir. 2007) (defendant failed to proffer evidence of lack of predisposition); United States v. Gutierrez, 343 F.3d 415, 419 (5th Cir. 2003) (defendant failed to make showing of government inducement). Moreover, the United States is entitled to a jury instruction that entrapment is not an issue in the case. See United States v. Posada-Rios, 158 F.3d 832, 875 (5th Cir. 1998) (regarding defense of duress); United States v. Thomas A. Nelson, Criminal No. 10-99, Rec. Doc. No. 160 (Transcript of Proceedings on 6-22-11) at 105 (M.D. La. June 22, 2011) (Tyson, C.J.); United States v. Frederick W. Smith, Criminal No. 10-132, Rec. Doc. No. 133 (Transcript of Proceedings on 10-27-11) at 159 (M.D. La. Oct. 27, 2011) (Jackson, J.), affirmed No. 12-30312 (5th Cir. Apr. 19, 2013).

**Lack of Inducement**

To "induce" criminal conduct, the Government must do more than merely present a defendant with the opportunity or facilities for committing the offense. Sorrells v. United States, 287 U.S. 435, 441 (1932). It is, of course, entirely proper for the Government to conduct undercover investigations and offer individuals the opportunity to participate in criminal activity. Jacobson v. United States, 503 U.S. 540, 548 (1992). Thus, mere "government involvement" does not amount to "government inducement." Gutierrez, 343 F.3d at 420. Rather, "inducement consists of the creative activity of law enforcement officials in spurring an individual to crime." Bradfield, 113 F.3d at 522. As noted by the Fifth Circuit, courts have found inducement based on evidence of coercion, threats, harassment, persistent solicitation, appeals to defendant's sympathies, and "actions designed

3

specifically to take advantage of the defendant's weaknesses." Gutierrez, 343 F.3d at 420; see Theagene, 565 F.3d at 922; Nations, 764 F.2d at 1080.

### Predisposition

"Predisposition focuses on whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." Theagene, 565 F.3d at 919. The Government may prove predisposition by relying on defendant's "desire for profit; [defendant's] demonstrated knowledge or experience with the criminal activity under investigation; the character of the defendant, including past criminal history; whether the government first suggested criminal activity; and the nature of the inducement offered by the government." United States v. Reyes, 239 F.3d 722, 739 (5th Cir. 2001). "[W]hether the defendant demonstrated a reluctance to commit the offense that was overcome by government persuasion . . . is the most important factor in evaluating a defendant's disposition." Id. (quoting United States v. Higham, 98 F.3d 285, 290-291 (7th Cir. 1996)). Thus, "a defendant's ready and willing participation in government-solicited criminal activity, standing alone, is sufficient to prove predisposition." Id. at 739.

Importantly, the Government can rely on "evidence of *independently motivated behavior* that occurs *after* government solicitation begins" to prove predisposition. Brace, 145 F.3d at 262.

### Conclusion

The United States requests that the Court consider the foregoing in ruling on defendant's request for an entrapment charge.

Respectfully submitted,

4

J. WALTER GREEN
ACTING UNITED STATES ATTORNEY


/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Reginald E. Jones, MSBN 102806
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: patricia.jones4@usdoj.gov

5

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 13-31-JJB-RLB |
| | : | |
| MICHAEL S. PROCELL | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7, 2013, a copy of the foregoing United States' Trial Brief Regarding the Defense of Entrapment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to defense counsel by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 7th day of October, 2013.

/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Assistant United States Attorney